JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRYANT ANDREWS

**DEFENDANTS**
CROMEDY CONSTRUCTION CORPORATION

(b) County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046; (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC Section 201 et seq

Brief description of cause:
unpaid wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 1/14/209
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BRYANT ANDREWS | : | CIVIL ACTION |
| v. | : | |
| CROMEDY CONSTRUCTION CORPORATION | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

___1/14/2019___    Marc A. Weinberg, Esquire    Plaintiff
**Date**               **Attorney-at-law**            **Attorney for**

215-576-0100          215-576-6288                  mweinberg@saffwein.com

**Telephone**         **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _5144 North 15th Street, Philadelphia, PA 19141_

Address of Defendant: _5702 Newton Avenue, Philadelphia, PA 19120_

Place of Accident, Incident or Transaction: _5702 Newton Avenue, Philadelphia, PA 19120_

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/11/2019_  _____  60643
 Attorney-at-Law / Pro Se Plaintiff  Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
 *(Please specify):* _Fair Labor Standards Act_

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
 *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Marc A. Weinberg_, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _1/11/2019_  _____  60643
 Attorney-at-Law / Pro Se Plaintiff  Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _5144 North 15th Street, Philadelphia, PA 19141_

Address of Defendant: _5702 Newton Avenue, Philadelphia, PA 19120_

Place of Accident, Incident or Transaction: _5702 Newton Avenue, Philadelphia, PA 19120_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/11/2019_   _/s/_   60643
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☒ 11. All other Federal Question Cases
     *(Please specify):* _Fair Labor Standards Act_

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Marc A. Weinberg_, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _1/11/2019_   _/s/_   60643
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYANT ANDREWS<br>5144 North 15th Street<br>Philadelphia, PA 19141<br>  v.<br>CROMEDY CONSTRUCTION CORPORATION<br>5702 Newton Avenue<br>Philadelphia, PA 19120 | : Complaint<br>: Civil Action<br>: Jury of Eight (8) Demanded<br>:<br>: NO.<br>: |

### INTRODUCTION

This is a claim brought by Plaintiff, BRYANT ANDREWS ("Plaintiff or ANDREWS") against Defendant, CROMEDY CONSTRUCTION CORPORATION ("Defendant or CROMEDY"), for violations of the Fair Labor Standards Act of 1938 ("FSLA"), as amended, 29 U.S.C. § 201 *et seq.*, the Pennsylvania Wage Payment and Collection Law, Act of 1961, P.L. 637, No. 329, and a retaliation claim under the FLSA and in support thereof states and avers as follows:

### PARTIES

1. Plaintiff, BRYANT ANDREWS (hereinafter "Plaintiff" or "ANDREWS") is an adult individual who resides at 5702 Newton Avenue, Philadelphia, PA 19120 and was at all times relevant hereto employed by Defendant, CROMEDY CONSTRUCTION CORPORATION (hereinafter "Defendant or CROMEDY").

2. Defendant, Metropolitan, is a corporation, entity or business organization operating at 5702 Newton Avenue, Philadelphia, PA 19120, and at all times relevant hereto did business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is appropriate before this Court under Federal Question Jurisdiction and Supplemental Jurisdiction, 28 U.S.C. §§ 1331, 1337, and 1367.

4. Venue is appropriate before this Court under 28 U.S.C. § 1391 (b) as Defendants regularly conduct business within the Eastern District of Pennsylvania and all acts and omissions which are the subject of Plaintiff's Complaint occurred therein.

## FACTUAL AVERMENTS

5. Plaintiff commenced employment with the Defendant on or about June 2017

6. The Plaintiff was hired as a construction worker, but once employment commenced.

7. Plaintiff's rate of pay from the date of hire to until February 2018 was $12.00 per hour.

8. Plaintiff properly recorded and reported all of the hours that he worked during his tenure with the Defendant.

9. During the week of Thanksgiving 2017 the Plaintiff was not paid for 13.50 hours that he worked, recorded and reported to the Defendant totaling $162.00.

10. Plaintiff was terminated from his employment in or about February 2018.

11. Plaintiff was an hourly employee and was non-exempt as he was a construction worker without any management duties.

12. Plaintiff requested payment for the hours that he worked but was not paid, all to no avail.

## COUNT I
### Violation of the FSLA for Unpaid Overtime

13. Plaintiff incorporates the preceding paragraphs as if set more fully at length herein.

14. At all times relevant hereto, Defendant engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all times relevant, the Defendant employed Plaintiff within the meaning of the FLSA.

16. The FLSA requires covered employers to compensate covered employees for every hour worked in a workweek. See 29 U.S.C. § 206(b).

17. Throughout the relevant period, Plaintiff and other employees who were similarly situated were non-exempt covered employees entitled to the protections of the FLSA.

18. Throughout the relevant period, the Defendant were covered employers, subject to the provisions of the FLSA, and were not exempt from providing FLSA overtime benefits for any reason.

19. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) because the Defendant violated Plaintiff's rights as an employee even after Plaintiff brought this to their attention on multiple occasions.

20. Due to the Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant their unpaid overtime compensation, an additional amount equal to liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 216(b).

21. Plaintiff was retaliated against and terminated for demanding payment of the overtime hours that he worked, reported and was entitled to be paid for.

WHEREFORE, Plaintiff demands judgment against the Defendant and respectfully requests the following relief:

a. Damages, including but not limited to interest, liquidated damages, and counsel fees in the amounts due Plaintiff, and others similarly situated, for compensation;

b. Equitable relief in the form of an order directing the Defendant to comply with the Fair Labor Standards Act and Pennsylvania Wage Payment and Collection Law; and

c. Such other and further relief as this Court deems proper.

## COUNT II
### Violation of The Pennsylvania Wage Payment and Collection Law, Act of 1961, P.L. 637, No. 329

22. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

23. At all times relevant, the Defendant employed Plaintiff for work weeks of forty (40) hours to which Plaintiff performed said duties in a timely manner to the best of his abilities.

24. At all times relevant, Plaintiff was an employee of the Defendant and entitled to pay on a regular basis.

25. Defendants had knowledge of the hours that Plaintiff worked during his tenure.

26. Defendants deprived the Plaintiff of pay for the hours worked as enumerated *supra*.

27. Defendants have violated the Pennsylvania Wage Payment and Collection Law,

Act of 1961, P.L. 637, No. 329 by failing to make timely payments in the form of a proper pay check for the hours properly worked by the Plaintiff on the payday as required.

28. The Defendant set the pay days for the Plaintiff at the time of hiring.

29. None of the wages claimed are considered fringe benefits, but rather hourly wages due and owed.

WHEREFORE, Plaintiff demands judgment against the Defendant and respectfully requests the following relief:

a. Lost wages, as well as compensatory and back pay damages to the fullest extent permitted under state law;

b. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under state law;

c. Civil penalties as provided under the law;

d. Treble damages as provided under the law;

e. Interest for monies not paid; and

f. Such other and further relief as this Court deems just and proper.

## COUNT III
**Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C § 201 et seq**

30. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

31. At all times relevant, Defendants employed Plaintiff and persons similarly situated, for work weeks in excess of forty (40) hours.

32. At all times relevant, Plaintiff and the other similarly situated persons were not exempt from the Fair Labor Standards Act of 1938 (FLSA) and were therefore entitled to

payment for time and a half for hours worked in excess of forty (40) in a work week.

33. During Plaintiff's employment, he became aware that the Defendant was not paying overtime hours, and when they were they were, were not paying the correct amount.

34. The Defendant - by and through its officers, employees, and agents - knew or had reason to know that this conduct was taking place.

35. Plaintiff was terminated for addressing the issues of non-payment with his Supervisors.

36. The retaliatory acts by Defendant, which included terminating Plaintiff's employment, were not in compliance with anti-retaliation provisions and standards of the FLSA.

WHEREFORE, Plaintiff demands judgment against the Defendant and respectfully requests the following relief:

a. Lost wages, as well as compensatory and back pay damages to the fullest extent permitted under state law;

b. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under state law; and

c. Such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**SAFFREN & WEINBERG**

BY: _____
MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100

**Dated: January 11, 2019**